# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JOHNNIE DEREK ROGERS,

Defendant-Appellant.

UNPUBLISHED
August 8, 2017

No. 332624
Macomb Circuit Court
LC No. 13-002050-FH

Before: SHAPIRO, P.J., and GLEICHER and O'BRIEN, JJ.

PER CURIAM.

In 2013, defendant drove while intoxicated and collided with another vehicle, killing the driver. We previously affirmed defendant's convictions for reckless driving causing death and driving under the influence causing death, but remanded for reconsideration of defendant's upwardly departing sentences pursuant to the standards set forth in *People v Steanhouse*, 313 Mich App 1; 880 NW2d 297 (2015) (*Steanhouse I*). On remand, the trial court reaffirmed defendant's sentences, citing the reasons provided at the original sentencing hearing. Defendant again appealed. While his current appeal was pending, the Michigan Supreme Court overruled in part the analysis employed by this Court in *Steanhouse I*. *People v Steanhouse*, ___ Mich ___; ___ NW2d ___ (Docket Nos. 152671, 152849, 152871, 152872, 152873, 152947, and 152948, decided July 24, 2017) (*Steanhouse II*). We now hold that the trial court "abuse[d] its discretion in applying the principal of proportionality by failing to provide adequate reasons for the extent of the departure sentence imposed," as required by *People v Milbourn*, 435 Mich 630, 665; 461 NW2d 1 (1990), and therefore remand for resentencing as required by *Steanhouse II*, slip op at 19.

## I. BACKGROUND

At the time defendant caused a fatal traffic accident, his blood alcohol content was approximately 0.27. Despite blood tests establishing his level of intoxication, vehicle computer data proving that he was driving almost 70 miles an hour seconds before the collision, crash scene forensics proving that defendant ran a red light and t-boned the victim's vehicle, and the eyewitness accounts of three individuals who were strangers to both defendant and the victim, defendant insisted that he had done nothing wrong. The jury found the defense incredible and convicted defendant as charged.

-1-

Defendant's minimum sentencing guidelines range was calculated at 43 to 86 months, given defendant's total (offense variable) OV score of 80 points and total prior record variable score of 10 points. The trial court departed upward from the guidelines by 22 months and sentenced defendant to concurrent terms of 9 to 15 years' imprisonment. In doing so, the court stated, "I think what bothers me the most is you don't take responsibility" and "you have a complete lack of remorse." The court cited the eyewitness accounts of defendant's reckless driving and defendant's claim that someone tampered with his blood samples. The trial court further indicated that it adopted several factors proffered by the prosecution to support its departure sentence: First, defendant received a speeding ticket 90 minutes before the accident for going 84 in a 30 mile-an-hour zone, and the vehicle's black box revealed that defendant was traveling "at least 70, seconds before the accident." Second, "defendant never has accepted responsibility," denying that he "operat[ed] in a reckless manner." Third, defendant "never acknowledg[ed] the alcohol." Rather, defendant accused the detective of tampering with his blood. Fourth, defendant was "three times over the legal limit in terms of the alcohol" at the time of the accident. Fifth, the "actual way he was driving seconds before [the accident] . . . exceeding the speed limit, over twice the speed, cutting in and out of traffic."

As noted, defendant appealed following his trial. This Court affirmed defendant's convictions, but remanded for further sentencing proceedings. Defendant's appellate attorney had argued that the trial court failed to state substantial and compelling reasons in support of the departure sentence. While defendant's first appeal was pending, however, the Michigan Supreme Court decided *People v Lockridge*, 498 Mich 358, 391-392; 870 NW2d 502 (2015), which rendered the legislative sentencing guidelines advisory only and struck down the former substantial-and-compelling review of departure sentences in favor of a reasonableness standard. This Court remanded to the trial court for further proceedings under *United States v Crosby*, 397 F3d 103 (CA 2, 2005). Specifically, if defendant opted to continue with resentencing, we ordered the trial court to explain how the particular departure sentence was reasonable under the principle of proportionality. *People v Rogers*, unpublished opinion per curiam of the Court of Appeals, issued December 15, 2015 (Docket No. 323412), slip op at 4-5.

On remand, defendant chose to proceed with resentencing. The trial court again sentenced defendant to 9 to 15 years' imprisonment. In doing so, it reiterated that "remorsefulness did not come until later" and that defendant had not "tak[en] responsibility for anything" involved in the accident. The court then reaffirmed the departure reasons stated on the record at the original sentencing hearing.

Defendant again appeals his sentences.

## II. ANALYSIS

We review departure sentences for an abuse of discretion. *Steanhouse II*, slip op at 14. A trial court abuses its discretion if the imposed departure sentence is unreasonable, i.e., if it "violate[s] the principle of proportionality, which require[s] sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). See also *Steanhouse I*, 313 Mich App at 42, 45.

In *Steanhouse II*, slip op at 15, the Supreme Court affirmed *Steanhouse I*'s readoption of the reasonableness standard set forth in *Milbourn*. The *Milbourn* Court applied the "principle of proportionality," holding that " 'a given sentence [could] be said to constitute an abuse of discretion if that sentence violate[d] the principle of proportionality . . . .' " *Steanhouse I*, 313 Mich App at 45, quoting *Milbourn*, 435 Mich at 636. In imposing sentence, the court must take " 'into account the nature of the offense and the background of the offender' " *Id*., quoting *Milbourn*, 435 Mich at 651. Departure sentences " 'are appropriate where the guidelines do not adequately account for important factors legitimately considered at sentencing' " as well as when " 'the recommended range under the guidelines is disproportionate, in either direction, to the seriousness of the crime.' " *Id*., quoting *Milbourn*, 435 Mich at 656-657. In *Steanhouse II*, the Supreme Court further clarified this Court's objective by again quoting *Milbourn*: " '[t]he key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range.' " *Steanhouse II*, slip op at 15, quoting *Milbourn*, 435 Mich at 662.

*Steanhouse I* described several "important factors" that might be raised at sentencing to satisfy the reasonableness requirement:

> Where there is a departure from the sentencing guidelines, an appellate court's first inquiry should be whether the case involves circumstances that are not adequately embodied within the variables used to score the guidelines. A departure from the recommended range in the absence of factors not adequately reflected in the guidelines should alert the appellate court to the possibility that the trial court has violated the principle of proportionality and thus abused its sentencing discretion. Even where some departure appears to be appropriate, the extent of the departure (rather than the fact of the departure itself) may embody a violation of the principle of proportionality. [*Milbourn*, 435 Mich at 659-660.]

> Factors previously considered by Michigan courts under the proportionality standard included, among others, (1) the seriousness of the offense, *People v Houston*, 448 Mich. 312, 321; 532 NW2d 508 (1995); (2) factors that were inadequately considered by the guidelines, *id*. at 324; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, *id*. at 323; *Milbourn*, 435 Mich at 660, the defendant's misconduct while in custody, *Houston*, 448 Mich at 323, the defendant's expressions of remorse, *id*., and the defendant's potential for rehabilitation. [*Steanhouse I*, 313 Mich App at 45-46.]

The first inquiry in our reasonableness review is whether there were "circumstances . . . not adequately embodied within the variables used to score the guidelines." As reiterated in *Steanhouse II*, slip op at 18, quoting *Lockridge*, 498 Mich at 391, "the guidelines 'remain a highly relevant consideration in a trial court's exercise of sentencing discretion' that trial courts 'must consult' and 'take into account when sentencing.' " To conduct such analysis, we must compare the stated reasons for exceeding the guidelines with the scored OVs to determine whether those reasons were already encompassed within. Specifically, we must determine whether the trial court abused its discretion by imposing a departure sentence without

articulating whether the guidelines adequately took into account the conduct alleged to support the particular departure. *Steanhouse I*, 313 Mich App at 45-46.

Certain of the reasons cited by the trial court were taken into consideration under the only four variables scored in this matter: OVs 3, 9, 17, and 18. OV 3 was scored 50 points because a "[v]ictim was killed" and defendant's BAC was greater than .08. MCL 777.33(1)(b), (2)(c)(*ii*). This encompassed defendant's level of intoxication and recklessness. OV 9 was scored 10 points because "2 to 9 victims . . . were placed in danger of physical injury or death," MCL 777.39(1)(c), again taking into account defendant's recklessness. OV 17 was scored 5 points because defendant "failed to show the degree of care that a person of ordinary prudence in a similar situation would have shown," MCL 777.47(1)(b), accounting for recklessness and excessive speeding. OV 18 was scored 15 points because defendant "operated a vehicle" with BAC between .15 and .20. MCL 777.48(1)(b).

Defendant's excessive speeds, reckless driving, and specific level of intoxication were therefore already considered under the four OVs that were scored to reach defendant's total OV score of 80 points. The trial court did not explain how these factors were given inadequate weight. After all, defendant's level of intoxication was directly taken into account under two OVs. Defendant's reckless driving was explicitly considered under one factor and was a consideration under two others. And defendant's excessive speeds were part and parcel of his recklessness. Yet, the trial court made no mention of the consideration taken of these factors under the guidelines.

The trial court also relied upon defendant's failure to accept responsibility and lack of remorse. While lack of remorse can provide proper justification for exceeding the legislative sentencing range "[a] court cannot base its sentence even in part on a defendant's refusal to admit guilt." *People v Yennior*, 399 Mich 892; 282 NW2d 920 (1977). The Michigan Supreme Court has adopted a three-factor test to determine if sentencing was "improperly influenced by defendant's failure to admit guilt." A court must consider:

> (1) the defendant's maintenance of innocence after conviction, (2) the judge's attempt to get the defendant to admit guilt, and (3) the appearance that had the defendant affirmatively admitted guilt, his sentence would not have been so severe. . . . [I]f there is an indication of the three factors, then the sentence was likely to have been improperly influenced by the defendant's persistence in his innocence. If, however, the record shows that the court did no more than address the factor of remorsefulness as it bore upon defendant's rehabilitation, then the court's reference to a defendant's persistent claim of innocence will not amount to error requiring reversal. [*People v Wesley*, 428 Mich 708, 713-714; 411 NW2d 159 (1987) (citations omitted).]

Although the failure to admit guilt is an improper consideration, "the defendant's expressions of remorse and the defendant's potential for rehabilitation" are appropriate justifications for sentence departures. *Steanhouse I*, 313 Mich App at 46 (citation omitted).

The trial court's reliance on defendant's lack of remorse was an appropriate consideration. Defendant's failure "to admit guilt" is not so clear cut. The court's actual

concern was that defendant blatantly lied about his alcohol consumption, excessive speeds, and the cause of the accident in the face of actual physical evidence—his blood tests results, the data from his vehicle's black box, and the accident scene forensics.

Ultimately, after *Steanhouse II*, slip op at 19, this Court "must remand to the trial court for resentencing" when a lower court abuses its discretion by "failing to provide adequate reasons for the extent of the departure sentence imposed." Given the trial court's failure to acknowledge that certain factors were already considered under the OVs and the court's use of defendant's defensive attitude regarding the offense as a basis for the departure, we cannot deem the court's cited reasons "adequate" to support "the extent of the departure sentence imposed." As such, we must remand, again, for further sentencing proceedings. On remand, the trial court must address whether its cited departure reasons were given inadequate weight under the sentencing guidelines. Further, the court should redirect its concern regarding defendant's claims of innocence toward his potential for rehabilitation.

We remand for further sentencing proceedings. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Elizabeth L. Gleicher
/s/ Colleen A. O'Brien